**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**

**ROBERT REUBEN LIONSHIELD**                                        **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO. 1:20-CV-155-GNS**

**GOVERNOR ANDY BESHIER[1]**                                        **DEFENDANT**

**<u>MEMORANDUM OPINION</u>**

This is a *pro se* action initiated by Plaintiff Robert Reuben Lionshield.  Plaintiff has been granted leave to proceed *in forma pauperis*.  This matter is before the Court for initial review pursuant to 28 U.S.C. 1915(e).  For the reasons that follow, the action will be dismissed.

**I.**

Plaintiff initiated this action by filing a "Writ of Criminal Complaint" which states as follows:

> I [] bring a TRUTH OF OATH to UNITED STATES DISTRICT COURT WESTERN DISTRICT OF KENUCKY I have watched Governor Beshear, use a USURPATION OF POWER (The act of taking control of something without having the right to, especially of a position of power.) AGAINST –
>
> We the People of the State of Kentucky.  Governor Beshear, did NOT call in OUR State Legislative Representatives which required by state law under Rules of Procedure under the office of Governor and under the (Mason Manual).  The crime scene is visibly evident through the cities and counties across the State of Kentucky.  We have seen loss of jobs and incomes for businesses and many personal Kentuckian people.  I PERSONALLY lost my job standing up for my personal Bill of Rights in work place.  Because I refused to wear a mask during the cov-19 health scare.  My Boss said my view point was political one, but I told her it was a lawful-view point.  She was in Fear of losing her business license.
>
> The Reason for Writ of Criminal Complaint are as following:
>
> 1. Upurpation of Power; KY Rev Stat & 415.070
> 2. Hobbs Act Extrotion and Robbery

---

[1] The Court takes judicial notice that the Governor's last name is "Beshear."  Elsewhere in the complaint, Plaintiff uses the correct spelling of the Governor's last name.

3. 6.18.1951 Hobbs Act-Elements of the Offense (18 U.S.C. & 1951)
4. 6.18.1951-1 Hobbs Act Robbery Defined
5. 6.18.1951-2 Hobbs Act Extortion by Force, Violence, or Fear
6. 6.18.1951-3 Hobbs Act UNLAWFUL TAKING BY Force or Fear Defined.
7. 6.18.1951-5 Hobbs Act – Property

(DN 1, Writ of Criminal Complaint).  Plaintiff also filed a motion for "Electronic Arrest Warrant for Breaking Hobbs Act Law" (DN 4).

## II.

On review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16,

19 (1st Cir. 1979), or to create a claim for a plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).  To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Plaintiff first cites to the Kentucky statute which pertains to the usurpation of office.  Ky. Rev. Stat. § 415.070.  However "for usurpation of other than county offices or franchises, the action by the Commonwealth shall be instituted and prosecuted by the [Kentucky] *Attorney General*."  Ky. Rev. Stat. § 415.050 (emphasis added).  Thus, Plaintiff cannot prosecute an action against Governor Beshear under this statute.

Similarly, the Hobbs Act is a federal criminal statute which does not provide a private right of action.  *Stanard v. Nygren*, 658 F.3d 792, 794 (7th Cir. 2011); *Allen v. eBay, Inc.*, No. 2:20-cv-1744, 2020 U.S. Dist. 108368, at *8 (S.D. Ohio June 19, 2020) (collecting cases).  Moreover, Plaintiff, as a private citizen, cannot bring criminal charges against anyone, including Governor Beshear.  "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General."  *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965).  Only federal prosecutors, and not private citizens, have the authority to initiate federal criminal charges.  *See United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.").

Thus, this action must be dismissed for failure to state a claim upon which relief may be granted.

## III.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date:   September 16, 2020

Greg N. Stivers, Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendant
4416.011